*437 OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an application by the District Attorney’s office for an order to compel the defendant to submit to a blood test for the determination of HIV-related information and to require disclosure of the results of that testing to the District Attorney’s office for purposes of information related to the adjudication of a criminal proceeding and to further compel the Strong Memorial Hospital and Community Health Network, Inc. to disclose the results of HIV testing done previously on the above-named defendant. This decision addresses a unique issue of law regarding what may constitute a waiver of the confidentiality protections of Public Health Law article 27-F.
The pertinent facts of the case are that the defendant has previously been convicted on 12 separate occasions of the crime of prostitution between 1980 and 1990. The defendant is also an intravenous drug user and has a criminal conviction for criminal possession of a hypodermic instrument in November 1986.
On January 28, 1992, the defendant, while trying to avoid arrest on petit larceny charges, bit two individuals, a security guard and a manager at a retail store. One individual was bitten on the finger and another was bitten on the hand. In both instances, the skin was broken and the wound bled. The defendant told the arresting officer, Officer Small, that she was HIV positive. She did so in the presence of the individuals who were bitten. She was arrested and arraigned on charges of petit larceny and assault in the third degree before the Honorable Herman Walz. The People requested a stay of all proceedings pursuant to GPL 170.20 (2).
Defendant objects and cites lack of jurisdiction and lack of sufficient proof to permit the order. Specifically, defense cites that a "compelling need” cannot be determined based upon the scientific facts regarding the transmission of HIV infection.
The court finds that this court has jurisdiction to issue an order compelling the blood testing (see, Matter of Abe A., 56 NY2d 288; Matter of David M., 107 AD2d 884).
In order to determine whether or not the confidentiality protection should benefit the defendant, who on two separate occasions has revealed not only that she is at risk and has been tested, but also revealed in the presence of other persons *438 that she has the HIV virus and has tested positive, the Court will look to the legislative intent of the provisions related to confidentiality protections under article 27-F of the Public Health Law. The confidentiality of information related to HIV and AIDS is recognized as an essential public health measure. The State’s interest has been defined as assuring that HIV-related information is not improperly disclosed. The reasons stated for the protection of that information are to encourage individuals to come forward, learn their health status and make decisions regarding appropriate treatment (see, L 1988, ch 584, § 1). The defendant has openly stated in the presence of other individuals that she was HIV positive and further was apparently interviewed by the local newspaper pursuant to the article attached to the prosecutor’s moving papers. Does the conduct of defendant constitute a waiver of any confidentiality related to the application?
The statutory language regarding waiver suggests, however, that ordinary confidentiality waiver provisions are not applicable here (Matter of Grattan v People, 65 NY2d 243; see also, Richardson, Evidence § 435 [Prince 10th ed]; CPLR 4504), but the court will consider that conduct in addressing the merits of the application under section 2785 of the Public Health Law. The court finds the following facts: the defendant has specifically revealed to others that she is HIV positive and has been tested; the bite wounds broke the skin and caused bleeding; the HIV virus is present in saliva; the defendant is at high risk of AIDS and the HIV virus due to her life-style as a convicted prostitute and intravenous drug user. The specific conduct by the defendant in biting the individuals during the Course of a scuffle suggests the possibility that the saliva may have been mixed with blood which increases the risk to the persons who were bitten by the defendant. The court would, therefore, conclude that the People have shown by clear and convincing evidence that there is a compelling need for the disclosure of information for adjudication of a criminal proceeding and a clear and imminent danger to individuals’ health who may unknowingly be at risk as a result of the contact with the defendant (Public Health Law § 2785 [2] [a], [b]).
The court would direct pursuant to Public Health Law § 2785 that all applications, orders, pleadings, affidavits, memorandum of law that are a part of this application or decision be sealed or redacted to delete any references to the identity of the defendant and not be made available to any persons *439 except to the extent needed to conduct proceedings in connection with this determination including any appeals. I further direct all subsequent proceedings in connection with the application shall be conducted in camera and where appropriate the pleadings shall not state the name of the individual concerning whom the confidential HIV-related information is sought. Hereinafter, the case shall be referred to as People v Anonymous (Feb. 1992).
While the risk of transmittal on these facts is small, the People require further information to determine the risk of transmittal. To have the Grand Jury investigation include a medical opinion regarding the risk factors, it is necessary to determine the defendant’s status and the extent of injury in conjunction with the medical opinions. The fact that the skin was broken and there was an opening through which the virus could pass distinguishes this case from United States v Moore (846 F2d 1163).
In making this decision the court has weighed the need for disclosure against the privacy interest to the protected individual and the public interest which may be disserved by disclosure. There is no evidence that this disclosure would deter further testing or treatment or may lead to discrimination, particularly based upon the defendant’s voluntary disclosure of information.
The court would grant an order compelling defendant to submit to a blood test for confidential HIV testing and disclose that information to the District Attorney’s office, solely to the Assistant District Attorney who has been assigned to prosecute the case, or any successor Assistant District Attorney who is assigned in the prosecution of the case.
It is further ordered that the Strong Memorial Hospital shall be required to release medical information relevant to the defendant’s HIV status. I will grant the application of Strong Memorial Hospital to forward an appropriate section of the medical record of the defendant to the court for an in camera review to determine what is the appropriate portion to be released to the District Attorney based upon the record-keeping system at the Strong Memorial Hospital.
It is further ordered that all records shall be appropriately labeled so as not to permit inadvertent disclosure and shall be labeled to reflect that such confidentiality is protected by Public Health Law article 27-F.