*551 OPINION OF THE COURT
William K. Nelson, J.
The People have moved for an order pursuant to section 2785 (2) (a) of the Public Health Law directing the disclosure of certified copies of the HIV test results of the defendant, A.T., who has been charged with reckless endangerment in the first degree (Penal Law § 120.25) and attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [3]). The motion was made on notice to the Public Defender, defendant’s attorney, who opposes it. The court assumes for purposes of deciding the motion that the Rockland County Department of Mental Health was given "adequate notice” of this application, in compliance with section 2785 (4) (b) of the Public Health Law, since the Commissioner of Health provided an affidavit in support of the motion.
The People allege that on June 3, 1993, the defendant, a patient at the Rockland County Mental Health Center, bit a mental health worker who was trying to restrain the defendant during a violent outburst. According to witnesses, including a Deputy Sheriff who had previously arrested the defendant for possession of a hypodermic needle and possession of cocaine, the defendant told the Deputy that she had Acquired Immune Deficiency Syndrome (AIDS). The Deputy had also responded to the Mental Health Center in May of this year when staff members alleged that the defendant had threatened to bite them and give them AIDS.
The People further allege that the Deputy advised the defendant that if she carried out her threat she would be charged criminally, just as if she held a gun to a person’s head and pulled the trigger. The defendant allegedly said that she understood and apologized for her conduct.
Public Health Law § 2785 (2) (a) provides, in pertinent part, "[a] court may grant an order for disclosure of confidential HIV related information upon an application showing * * * a compelling need for disclosure of the information for the adjudication of a criminal or civil proceeding.” There are few reported cases interpreting "compelling need” within the meaning of this statute.
In People v Anonymous (153 Misc 2d 436 [Monroe County Ct 1992]), the court held that there was a compelling need for disclosure where a defendant, while trying to avoid arrest, bit a security guard and a manager of a retail store. In both instances, the bites broke the skin, and the wounds bled. The *552 defendant told the arresting officer that she was HIV positive. The defendant had previously been convicted of prostitution on 12 occasions, was an intravenous drug user, and had been convicted of criminal possession of a hypodermic needle. She was charged with petit larceny and assault in the third degree in a local criminal court, and the People adjourned the matter pursuant to CPL 170.20 (2) for the purpose of presenting the matter to a Grand Jury.
The County Court held that the People had demonstrated a compelling need for disclosure for the adjudication of a criminal proceeding, and, under subdivision (2) (b) of section 2785, a clear and imminent danger to an individual whose life or health may unknowingly be at significant risk as a result of contact with [the defendant]. The court apparently assessed the risk of transmittal as a significant factor under subdivision (2) (b) and found the risk, although small, was a possibility since the skin was broken, providing an opening through which the virus could pass.
Defendant’s counsel argues that Anonymous (supra) is distinguishable from the present case in that the skin of the mental health worker was not broken by the bite. Counsel also relies on United States v Moore (846 F2d 1163 [8th Cir 1988]), for the proposition that without a break in the skin, there is no compelling reason to disclose confidential HIV information. The People counter that in order to support a charge of reckless endangerment in the first degree they must prove both (1) that the defendant acted with a depraved indifference to human life, and (2) that her conduct created a grave risk of death to another person, and that they cannot sustain their burden without proof that the defendant is HIV positive.
The court finds defendant’s reliance on Moore (supra) misplaced. The case involved a Federal crime of assaulting a correction officer with a deadly weapon. Neither side has suggested that Federal law provides a comprehensive statutory scheme for confidentiality of HIV test results comparable to that of New York’s, which applies in this case. The facts of the case, moreover, would indicate that confidentiality of the results was not raised as an issue, and the Government, in fact, used the results as part of its case-in-chief. Indeed the court’s statement that the medical evidence in the record was insufficient to establish that AIDS may be transmitted by a bite was dicta, since the court had already upheld Moore’s conviction on proof that his mouth was used as a deadly or *553 dangerous weapon, whether or not he was infected with the AIDS virus.
Nor, under the circumstances of this case, does the rationale of Anonymous (supra) apply. Apparently in Anonymous the court based its decision on both subdivisions (2) (a) and (2) (b) of Public Health Law § 2785. The fact that the bite punctured the skin was of significance in determining a clear and imminent danger under subdivision (2) (b), but the importance of that fact is less clear as it applies to the court’s finding under subdivision (2) (a). The matter had been adjourned for Grand Jury action after the defendant had been charged with assault in the third degree. The Grand Jury could have heard charges of assault in the second degree, assault in the first degree, or reckless endangerment, but the specifics are not set forth in the court’s opinion.
Insofar as the defendant in the instant case is charged with reckless endangerment, this court finds that there is a compelling need for proof on the issue of the defendant’s HIV status for the adjudication of a criminal proceeding. Without such proof, the People would be unable to prove the defendant’s state of mind (that she acted with depraved indifference to human life) or to prove a grave risk of death to the victim. The fact that the bite did not break the skin would be relevant on the issue of what constitutes a grave risk of death, but since there seems to be some disagreement among medical experts on this issue, it would appear to be an issue which the People would have the burden of proving both to the satisfaction of the Grand Jury in order to establish a prima facie case, and beyond a reasonable doubt to a trial jury. In either case without access to the defendant’s HIV test results, the matter cannot be resolved at all.
The court has further weighed, in accordance with subdivision (5), the need for disclosure against the privacy interest of the defendant and the public interest which may be "dis-served” by disclosure, such as deterrence from future testing or treatment, or discrimination. The court finds under the circumstances of this case where the defendant allegedly announced publicly on more than one occasion that she was HIV positive, that she effectively waived her own privacy interest in the test results. Matter of Grattan v People (65 NY2d 243 [1985]) is distinguishable. In that case the Court of Appeals held that the confidentiality provided under Public Health Law § 2306 for contacts of persons determined to be sources of sexually transmitted diseases could not be waived *554 by the source, since it was intended to protect the contact as well. In the present case it is the defendant herself whose privacy interest is at stake, not that of a third party.
The public interest to be served by article 27-F of the Public Health Law is to promote voluntary confidential testing so that individuals may learn their health status, make decisions regarding appropriate treatment, and change behavior that puts them and others at risk, as well as to limit the risk of discrimination. (See, L 1988, ch 584, § 1 [Legislative Intent], reprinted in Public Health Law § 2780, McKinney’s Cons Laws of NY, Book 44, 1993 Supp Pamph, at 88.) The court finds nothing in this statutory scheme which would protect the privacy interest in an individual who announces hér HIV status publicly and uses that status to threaten to commit a crime. (Cf., Matter of Anonymous, 156 AD2d 1028 [4th Dept 1989], affd 76 NY2d 766 [1990] [prohibition does not lie to challenge an order of County Court directing defendant to submit to a blood test pursuant to CPL 240.40 to determine HIV status where defendant was charged with attempted murder in the first degree, assault in the second degree, and reckless endangerment in the first degree arising out of an incident where he allegedly tried to infect three police officers with the virus by biting them].)
Accordingly, it is hereby
Ordered that certified copies of the HIV test results of the individual identified by the initials A.T. be provided solely to the Rockland County District Attorney’s Office, who shall make such information available only to the Assistant District Attorney in charge of this prosecution and only as necessary to fulfill the purpose for which this order is granted, and it is further
Ordered that the District Attorney’s Office is prohibited from redisclosing such information to any other persons except to the extent necessary to fulfill the purpose for which this order is granted, and it is further
Ordered that all motions, papers, affidavits, judgments, orders of the court, briefs and memoranda of law which are part of this application and decision be sealed and not made available to any person, except to the extent necessary to conduct any proceedings in connection with the application, including any appeal, and it is further
*555 Ordered that all subsequent proceedings in connection herewith and any papers, pleadings, affidavits, judgments, orders of the court, briefs and memoranda of law shall not state the name of the individual concerning whom confidential HIV-related information is sought.